UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-513-RJC
3:14-cr-82-RJC-DSC-4

| | |
|---|---|
| **CHRISTOPHER LEE GRIFFIN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on the United States' Motion for an Order Requiring Production of Information and for Extension of Time [Doc. 9].

The *pro se* incarcerated Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 on September 20, 2021,[1] raising claims of ineffective assistance of trial and appellate counsel. [Doc. 1]. He seeks an evidentiary hearing, vacatur of his convictions, resentencing, and any other relief to which he may be entitled. [Id.]. On January 3, 2022, the United States' Motion seeking to hold the instant action in abeyance pending the Fourth Circuit's consideration of Petitioner's direct appeal was granted. [Docs. 3, 4]. The Fourth Circuit issued its appellate decision on March 31, 2022 and, on May 4, 2022, the Court ordered the United States to show cause within 10 days why the Motion to Vacate should not be granted. [Doc. 5]. The United States sought an extension of time within which to respond, which was granted until June 17, 2022. [Docs. 6, 7].

In the instant Motion, the United States asks the Court to: find that the Petitioner waived the attorney-client privilege with regards to his communications, or lack thereof, with counsel;

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

require trial and appellate counsel to file under seal with the Court affidavits and supporting information relevant to Petitioner's claims; and extend the time to respond to the Motion to Vacate. [Doc. 9]. The United States argues that Petitioner's communications with counsel may be critical to assessing counsel's investigation and litigation decisions. See [Id. at 3]. The Petitioner filed a Response arguing that no affidavits or exhibits are needed because his Motion to Vacate is signed under penalty of perjury, and that no extension of time should be granted. See [Doc. 10]. He appends some communications between himself and counsel to his Response. [Doc. 10-1]. The United States has filed a Reply reiterating its arguments. [Doc. 11].

As a general matter, attorney-client privilege applies only if "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney is informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." In re Grand Jury Subpoena, 204 F.3d 516, 520 n.1 (4th Cir. 2000). The party claiming the privilege carries the burden of demonstrating that: (1) the attorney-client privilege applies; (2) the communications were protected by the privilege; and (3) the privilege was not waived. United States v. Aramony, 88 F.3d 1369, 1389 (4th Cir. 1996). The North Carolina Rules of Professional Conduct provide that "[a] lawyer may reveal information [acquired during the professional relationship with a client] to the extent the lawyer reasonably believes necessary … to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client; to establish a defense to a criminal charge or civil claim against the lawyer based upon

2

conduct in which the client was involved; or to respond to allegations in any proceeding concerning the lawyer's representation of the client…." N.C. Rules of Prof. Conduct, Rule 1.6(b)(6). Likewise, federal courts have long held that, when a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to his communications with counsel regarding those claims. See Jordan v. United States, 552 F.Supp.3d 575, 578 (S.D. W.Va. 2021) (quoting Bittaker v. Woodford, 331 F.3d 715, 516 (9th Cir. 2003) (when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer")); United States v. Pinson, 584 F.3d 972, 977–78 (10th Cir. 2009) ("when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives the attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim"); In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) ("The implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) (by bringing an ineffective-assistance claim, § 2255 movant waives attorney-client privilege with respect to conversations that "bare on strategic choices made during representation"); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) ("[Attorney-client] privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."); see also In re Grand Jury 16-3817, 740 F. App'x 243, 246 (4th Cir. 2018) ("Any voluntary disclosure of privileged or protected information typically waives both attorney-client privilege and work-product protection.").

3

Further, the Federal Rules of Evidence provide that:

> When the disclosure [of privileged information] is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) the ought in fairness to be considered together.

Fed. R. Ev. 502(a).[2]

The Court agrees that the Petitioner's claims of ineffective assistance of trial and appellate counsel have waived the attorney-client privilege with respect to communications, or the lack thereof, between Petitioner and counsel relating to those claims. The Court finds that affidavits and records from trial and appellate counsel, including communications between counsel and Petitioner and counsel's notes that are relevant to the claims of ineffective assistance of counsel, are required so that the United States may respond to the Motion to Vacate. See Rule 7, 28 U.S.C. foll. § 2255 (allowing a judge to direct the parties to expand the record with materials relating to the motion, including letters and affidavits).

Accordingly, Petitioner's trial counsel shall provide to the United States and to Petitioner,[3] within 45 days, an affidavit and supporting documents including communications and notes, discussing: communications regarding Petitioner's sentencing exposure, the likelihood of success at trial and on appeal, Petitioner's interest in a plea and avoiding trial, defense counsel's pursuit of a plea offer, discussion of any plea offer, and any of the substantive grounds that Petitioner claims should have been, but were not, raised by counsel. The Petitioner's appellate counsel shall provide

---

[2] The Federal Rules of Evidence generally apply in § 2255 proceedings. See Fed. R. Ev. 1101(b), (e) (the Federal Rules of Evidence apply in civil cases and proceedings, except insofar as a federal statute or a rule prescribed by the Supreme Court provides for admitting or excluding evidence independent from the Federal Rules of Evidence).

[3] The Court finds that it is unnecessary for the affidavits and records to be filed with the Court under seal at this juncture. The parties may provide the Court with the affidavits and any pertinent records in support of their Response and Reply, and may file any appropriate motions at that time.

to the United States and Petitioner, within 45 days, an affidavit and supporting documents including communications and notes, discussing: the extent and nature of the relevant communications and consultation with Petitioner, including the discussion and selection of issues raised on appeal and the grounds that Petitioner claims should have been, but were not, raised on appeal and Petitioner's review and approval of the appellate brief.

For good cause shown, the United States' Motion to extend the time to file a Response to the Motion to Vacate will be granted until 30 days after the deadline for trial and appellate counsel to provide the foregoing affidavits and other information has expired. The Petitioner may file a Reply to the United States' Response pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings within 21 days of the filing of the United States' Response.

**IT IS, THEREFORE, ORDERED** that the United States' Motion for an Order Requiring Production of Information and for Extension of Time [Doc. 9] is **GRANTED**. Trial and appellate counsel shall provide the United States and Petitioner with the affidavits and documents described in this Order within forty-five (45) days, and the United States shall thirty (30) days thereafter to file its Response to the Motion to Vacate. The Petitioner may file a Reply within twenty-one (21) days after the United States files its Response.

Signed: August 8, 2022

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge